MARY CHIRGOTIS, BY JOHN CHIRGOTIS, NEXT FRIEND, AND JOHN CHIRGOTIS, RESPONDENTS, v. GEORGE JAMES COUNES AND JAMES AVDOULOS, PARTNERS, TRADING AS COUNES & AVDOULOS, APPELLANTS.

CONSTANTINO CHIRGOTIS, BY JOHN CHIRGOTIS, NEXT FRIEND, AND JOHN CHIRGOTIS, RESPONDENTS, v. GEORGE JAMES COUNES AND JAMES AVDOULOS, PARTNERS, TRADING AS COUNES & AVDOULOS, APPELLANTS.

JOHN CHIRGOTIS, ADMINISTRATOR AD PROSEQUENDUM OF TASSIA CHIRGOTIS, DECEASED, AND JOHN CHIRGOTIS, RESPONDENTS, v. GEORGE JAMES COUNES AND JAMES AVDOULOS, PARTNERS, TRADING AS COUNES & AVDOULOS, APPELLANTS.

Submitted July 11, 1921—Decided October 14, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The defendants below appeal from three judgments entered against them in three suits instituted in the Essex County Circuit Court. The cases arose from the same accident and were tried together. An automobile truck proceeding in an easterly direction on Academy street, Newark, between High street and Comes alley, became out of control of the driver and ran over the sidewalk and against a porch upon which there were three little girls playing, killing one of them and injuring the other two. The driver of the truck, Mike Enzilizie, was an employe of the defendants as a general utility man in the candy store conducted by them, and had obtained a learner's permit to operate the truck, and had prior to the day of the accident a licensed chauffeur accompany him when using the truck for delivering merchandise. The

defences were that the defendants were not the owners of the truck and that Enzilizie at the time of the accident was not a servant of the defendants acting within the scope of his employment, and was not operating the car with the consent and knowledge of the defendants. One Hall had owned the truck. The defendants had at the time of the accident negotiated its purchase and had paid the full purchase price thereof. Hall had painted the defendants' trade name, Counes and Avdoulos, on the truck. The truck was kept in Hall's garage and had been used on several occasions for making deliveries for the defendants, a licensed chauffeur accompanying Enzilizie, and instructing him as to the operation of the car. The defendants testified that on the day of the accident Enzilizie had taken the car out without their knowledge. The trial court permitted the case to go to the jury on the statements said to have been made by the defendants after the accident but denied by the defendants. A police officer, Dipley, interviewed the defendant Counes after the accident and testified that Counes said that Enzilizie was in their employ, and went out on the truck and that he delivered things for them. The father of the children saw Avdoulos and testified that Avdoulos said to him, 'I send for the car in order to do my business but not to kill the children.' The defendants contend that the trial judge erred in refusing to nonsuit or direct a verdict on the motions made in their behalf and to the refusal of which exceptions were duly taken. In view of the evidence above stated, taken in connection with the names upon the delivery truck and the absence of evidence that the defendant had given express instruction to Enzilizie not to take out the truck alone, we are of opinion that the rulings of the trial judge were correct. The cases not being before us on rules to show cause, we cannot consider the weight of the evidence.

"The judgment in all three cases are affirmed, with costs."

For the appellants, *Edward R. McGlynn.*

For the respondents, *William Greenfield.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ.    11.

*For reversal*—None.